


## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| FITNESS QUEST INC., a Delaware corporation, and DW FITNESS, LLC, a New Jersey limited liability company, | CIVIL ACTION NO.: **5:03CV1343** JUDGE: **JUDGE DOWD** |
| Plaintiffs, | |
| vs. | |
| STAMINA PRODUCTS, INC, a Missouri corporation, MICHAEL CASEY ENTERPRISES LLC, a California limited liability company, YOGABOL, LLC, a Delaware limited liability company, and JOHN DOES 1 through 10, | **COMPLAINT FOR WILLFUL PATENT INFRINGEMENT** **JURY TRIAL DEMANDED** **MAG. JUDGE LIMBERT** |
| Defendants. | |

Plaintiffs Fitness Quest Inc. and DW Fitness, LLC, for their complaint against Defendants Stamina Products, Inc., Michael Casey Enterprises LLC, Yogabol, LLC, and John Does 1 through 10 allege as follows:

### THE PARTIES

1. Plaintiff Fitness Quest Inc. ("Fitness Quest") is a corporation organized and existing under the laws of the State of Delaware. Fitness Quest maintains its principal place of business at 1400 Raff Road S.W., Canton, Ohio 44750.

2. Plaintiff DW Fitness, LLC ("DW Fitness") is a limited liability company organized and existing under the laws of the State of New Jersey. DW Fitness maintains its principal place of business at 9 Beverly Road, Madison, New Jersey 07940.

3. Upon information and belief, Defendant Stamina Products, Inc. ("Stamina") is a corporation organized and existing under the laws of the State of Missouri. Upon further information and belief, Stamina maintains its principal place of business at 2757 S. Austin, Springfield, Missouri 65807.

4. Upon information and belief, Defendant Michael Casey Enterprises LLC ("Casey") is a limited liability company organized and existing under the laws of the State of California. Upon further information and belief, Casey maintains its principal place of business at 3340 Ocean Park Blvd., 3rd Floor, Santa Monica, California 90405.

5. Upon information and belief, Defendant Yogabol, LLC ("Yogabol") is a limited liability company organized and existing under the laws of the State of Delaware. Upon further information and belief, Yogabol maintains its principal place of business at 3340 Ocean Park Blvd., Suite 3050, Santa Monica, California 90405.

6. Upon information and belief, John Does 1 through 10 are individuals and/or entities whose names and residences are currently unknown.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws, Title 35 United States Code.

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b) because, upon information and belief, Defendants are subject to personal jurisdiction in this judicial district and Defendants have committed acts of infringement in this district.

## BACKGROUND

10. On July 23, 2002, the United States Patent and Trademark Office granted U.S. Patent No. 6,422,983 B1 for an invention entitled "Inflatable Device and Method for Using the Device" ("the '983 patent"). A true and correct copy of the '983 patent is attached hereto as Exhibit A. The inventor of the claimed subject matter of the '983 patent was and is David S. Weck, and the entire right, title, and interest in and to the '983 patent was assigned to Plaintiff DW Fitness. The claims of the '983 patent are both valid and enforceable.

11. Plaintiff Fitness Quest is the exclusive licensee of the '983 patent. Fitness Quest has the exclusive right to make, promote, market, sell, and distribute products under the '983 patent. In addition, Fitness Quest, together with DW Fitness, has the right to enforce the '983 patent and bring this action.

12. Plaintiff Fitness Quest markets and distributes a fitness product under an exclusive license from Plaintiff DW Fitness known as the BOSU® balance trainer, which product is marked with the '983 patent. The BOSU® balance trainer is designed to enhance strength and improve cardiovascular fitness. To date, Fitness Quest has promoted and marketed the BOSU® balance trainer to fitness professionals and clubs, and the product has enjoyed considerable success. Broadcast and cable television stations, magazines, and newspapers across the United States have featured the BOSU® balance trainer in their stories.

13. Upon information and belief, Defendant Stamina is making, importing, offering for sale, and/or selling throughout the United States a competing product known as the BODY DOME™. In addition, Stamina is knowingly and deliberately promoting the sale and use of the BODY DOME™ product via an infomercial that has appeared on cable television and broadcast networks throughout the United States. By engaging in these activities, Defendant Stamina is

directly and/or indirectly infringing one or more claims of the '983 patent, in violation of 35 U.S.C. §§ 271(a) and 271(b).

14. Upon information and belief, Defendant Casey is also making, importing, offering for sale, and/or selling the BODY DOME™ product throughout the United States. In addition, Casey is knowingly and deliberately promoting the sale and use of the BODY DOME™ product via an infomercial that has appeared on cable television and broadcast networks throughout the United States. Defendant Casey has also produced exercise videotapes that are shipped with the BODY DOME™ product, which videotapes actively encourage use of the product. By engaging in these activities, Defendant Casey is directly and/or indirectly infringing one or more claims of the '983 patent, in violation of 35 U.S.C. §§ 271(a) and 271(b).

15. Upon information and belief, Defendant Yogabol is also making, importing, offering for sale, and/or selling the BODY DOME™ product throughout the United States. In addition, Yogabol is knowingly and deliberately promoting the sale and use of the BODY DOME™ product via an infomercial that has appeared on cable television and broadcast networks throughout the United States. By engaging in these activities, Defendant Yogabol is directly and/or indirectly infringing one or more claims of the '983 patent, in violation of 35 U.S.C. §§ 271(a) and 271(b).

16. Upon information and belief, Defendants John Does 1 through 10 are also making, importing, offering for sale, and/or selling the BODY DOME™ product throughout the United States. More specifically, these defendants are offering for sale and selling the BODY DOME™ product via the Internet. By engaging in these activities, Defendants John Does 1 through 10 are directly and/or indirectly infringing one or more claims of the '983 patent, in violation of 35 U.S.C. §§ 271(a) and 271(b).

17. Upon information and belief, the infringement of the '983 patent by Defendants was and is willful and deliberate, and will continue unless enjoined by the Court.

18. As a result of Defendants' infringement of the '983 patent, Plaintiffs have suffered, and continue to suffer, damages in an amount to be established at trial. Furthermore, Plaintiffs have suffered, and continue to suffer, irreparable harm for which there is no adequate remedy at law.

## PRAYER

**WHEREFORE,** Plaintiffs respectfully request that the Court:

A. Enjoin Defendants, and their officers, employees, servants, and agents, and all persons in active concert with any of them, against any further acts of direct infringement, inducement of infringement, or contributory infringement, under 35 U.S.C. § 283.

B. Order Defendants to deliver up for destruction any and all of their products that infringe any claim of the '983 patent or otherwise induce or contribute to such infringement, under 35 U.S.C. § 283.

C. Order Defendants to pay, in accordance with 35 U.S.C. § 284, damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs.

D. Find the infringement by Defendants to be willful, and order them to pay three (3) times the amount of damages found or assessed, under 35 U.S.C. § 284.

E. Find this to be an exceptional case under 35 U.S.C. § 285, and order Defendants to pay Plaintiffs' attorneys' fees.

F.  Grant such other relief as the Court may deem proper and just.

Respectfully submitted,

DATED: July 9, 2003     By: _____
Steven M. Auvil (0063827)
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588

Attorneys for Plaintiffs
**FITNESS QUEST INC.** and
**DW FITNESS, LLC**

## DEMAND FOR JURY TRIAL

Plaintiffs Fitness Quest Inc. and DW Fitness, LLC hereby demand a trial by jury of all issues so triable in this action.

_____
Attorney for Plaintiffs
**FITNESS QUEST INC.** and
**DW FITNESS, LLC**

6